**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL T. LOPEZ,

        Plaintiff,

    v.

BRAD EATON,

        Defendant.

Civ. No. 17-1912(RMB)(AMD)

**OPINION**

APPEARANCES:

MICHAEL T. LOPEZ
Jones Farm Correctional Facility
P.O. Box 7100
Trenton, New Jersey 08628
    Plaintiff, *pro se*

Kevin B. Golden, Esq.
Shimberg & Friel, P.C.
20 Brace Road, Room 350
Cherry Hill, New Jersey 08034
    On behalf of Defendant Brad Eaton

BUMB, District Judge

    Plaintiff Michael T. Lopez, an inmate presently confined in Jones Farm Correctional Facility, filed this civil rights action on March 23, 2017. (ECF No. 1.) This matter is now before the Court upon the motion to dismiss by Defendant Brad Eaton. (ECF No. 12). For the following reasons, the motion to dismiss will be granted and the complaint will be dismissed without prejudice.

1

I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

   A.   <u>PROCEDURAL HISTORY</u>

On or about March 23, 2017, Plaintiff Michael T. Lopez, filed this civil action asserting claims pursuant to 42 U.S.C. § 1983. (ECF No. 1). In an order dated April 27, 2017, this Court granted Plaintiff's request to proceed *in forma pauperis* and permitted Plaintiff's excessive force claim, under 42 U.S.C. § 1983 to proceed. (ECF No. 2). Plaintiff's Motion for Pro Bono Counsel filed on May 30, 2017, was denied in an order dated June 1, 2017. (ECF Nos. 4, 7). On August 3, 2017, Defendant filed the instant Motion to Dismiss. (ECF No. 12).

On September 20, 2017, an Order to Show Cause was issued ordering Plaintiff to show cause why Defendant's Motion to Dismiss the action pursuant to Local Civil Rule 10.1 should not be granted. (ECF Nos. 12-14). On October 16, 2017, Plaintiff filed a Response to the Order to Show Cause. Plaintiff stated that he wanted to move forward with this case, but he did not specifically respond to the motion to dismiss. Furthermore, Plaintiff informed the court that he was relocated to a different correctional facility and did not submit his updated address because of his unawareness of Local Civil Rule 10.1. (ECF No. 16).

2

B. FACTUAL BACKGROUND

In his complaint, Plaintiff alleged the following facts, accepted as true for the purpose of ruling on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] On November 11, 2015, around 11:00 p.m., Plaintiff was approached by Officer Brad Eaton of the Camden County Police Department on South Broadway and Chestnut Streets in Camden, New Jersey. (ECF Nos. 1-2). During the course of their encounter, Officer Eaton caused abrasions to Plaintiff's back, right temple area and right elbow. (Id.)

II. ARGUMENTS

The Defendant proffers three arguments in support of his Motion to Dismiss: (1) Plaintiff's complaint does not allege any facts in support of the claims but rather only contains legal conclusions; (2) Plaintiff's complaint does not meet any of the requisite elements of a claim under Section 1983; (3) Defendant is immune from suit under the qualified immunity doctrine.

III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), courts may dismiss a complaint for failure to state a claim upon which relief may be granted. A plaintiff, however, need only present a "short

---

[1] The Court must accept all plausibly alleged facts in a complaint as true when ruling on a Rule 12(b)(6) motion to dismiss. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 682-83 (legal conclusions must be ignored before Court identifies plausibly alleged facts).

3

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Palakovic v. Wetzel, 854 F.3d 209, 219 (3d Cir. 2017) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (alteration in original)).

To survive a Rule 12(b)(6) motion to dismiss, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted)). A claim is plausible if it contains sufficient facts for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. When assessing the sufficiency of a complaint on a motion to dismiss under Rule 12(b)(6), courts should first determine the elements a plaintiff must plead to state a claim, and second, identify allegations that are no more than conclusions, which are not entitled to the assumption of truth. Palakovic, 854 F.3d at 220 (quoting Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (internal quotation marks omitted) (quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)). Third, courts should assume well-pleaded factual allegations are

4

true and "then determine whether they plausibly give rise to an entitlement for relief." Id.


IV. ANALYSIS

Plaintiff sued Officer Eaton, a Camden County police officer, for events that occurred on November 11, 2015. (ECF No. 1). Defendant argues that Plaintiff failed to meet the requisite elements of a claim under Section 1983. (ECF No. 12). A plaintiff making a claim under Section 1983 must meet the following two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). "A cause of action exists under § 1983 when a law enforcement officer uses force so excessive that it violates the Fourth and Fourteenth Amendments to the United States Constitution." Groman v. Township of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995) (quoting Brown v. Borough of Chambersburg, 903 F.2d 274, 277 (3d Cir. 1990)).

The Court construes this claim as a due process claim for use of excessive force during the course of an arrest. Such a claim is analyzed under the Fourth Amendment's "reasonableness" standard." Graham v. Connor, 490 U.S. 386, 395 (1989).

A Fourth Amendment excessive force claim requires a plaintiff to demonstrate that a 'seizure' occurred and that it

was unreasonable. <u>Abraham v. Raso</u>, 183 F.3d 279, 288 (3d Cir. 1999) (quoting <u>Brower v. County of Inyo</u>, 489 U.S. 593, 599 (1989)).

Here, Plaintiff has failed to allege any facts to support whether an actual seizure occurred. However, an exhibit that Plaintiff attached to the complaint, containing several photographs taken by the Camden County Police Department depicting Plaintiff's alleged injuries, suggests that he was arrested. (ECF Nos. 1-2). <u>See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[t]o decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.") (citations omitted)

Next, the Court addresses whether Plaintiff's complaint alleges sufficient facts for an appropriate reasonableness analysis to occur. Determining reasonableness under the Fourth Amendment "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." <u>Graham</u>, 490 U.S. at 396. The Court may also consider factors such as "the possibility that the persons subject to the

police action are violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." Kopec v. Tate, 361 F.3d 772, 777 (3d Cir. 2004). Moreover, the reasonableness inquiry in an excessive force case is an objective one. Graham, 490 U.S. at 397.

Plaintiff's complaint does not provide any information for such a fact-specific inquiry to be conducted. Other than Plaintiff's cursory reference to abrasions caused by the Defendant, he does not provide any other information about how these abrasions came to be, what actions, if any, constituted excessive force, or even what the interaction between Plaintiff and Defendant entailed. Because the Court will dismiss the Fourth Amendment excessive force claim against Officer Eaton at this time, this Court need not analyze Eaton's qualified immunity argument. Furthermore, in light of Plaintiff's failure to state a claim, Eaton's alternative request for a more definite statement need not be analyzed as well.

V. CONCLUSION

For the reasons discussed above, the Court grants the Defendant's motion to dismiss. The complaint is dismissed without prejudice. Plaintiff shall have thirty days in which to submit an amended complaint that connects the deficiencies of the complaint as stated in this opinion. Failure to do so will result in a dismissal with prejudice. An appropriate Order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: December 21, 2017